# UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF MISSOURI
## SOUTHEASTERN DIVISION

DARRELL ROGERS,                          )
                                         )
      Petitioner,                        )
                                         )
v.                                       )          No. 1:19-cv-227-ACL
                                         )
JASON LEWIS,                             )
                                         )
      Respondent.                        )

## MEMORANDUM AND ORDER

This matter is before the Court upon review of petitioner Darrell Rogers's petition for writ of habeas corpus, filed pursuant to 28 U.S.C. § 2254. For the reasons explained below, the Court will summarily dismiss the petition because it is successive and was filed without authorization from the Eighth Circuit Court of Appeals.

## Background

On February 23, 2007, a jury in the Circuit Court for the City of St. Louis found petitioner guilty of forcible rape, armed criminal action, forcible sodomy, first-degree burglary, first-degree robbery, and three counts of armed criminal action. *State v. Darrell Rogers,* No. 22041-03160B (22nd Jud. Cir. 2007). On April 13, 2007, the Court sentenced petitioner to serve a total of 30 years in prison. The Missouri Court of Appeals affirmed the trial court judgment, and subsequently affirmed the denial of petitioner's post-conviction motion.

On or about September 30, 2011, petitioner filed a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254 in this Court, seeking to challenge his 2007 convictions and sentences. *Rogers v. Wallace,* No. 4:11-cv-1718-TIA (E.D. Mo. 2011) (hereafter *"Rogers I."*). On May 31, 2013, the Court dismissed the petition on its merits. Petitioner did not appeal.

On December 5, 2019,[1] petitioner filed the instant petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254, seeking to challenge the same state court judgment he challenged in *Rogers I*. For his grounds for relief, he claims he is "unquestionably innocent" of the crimes of which he was convicted, and that the trial court lacked jurisdiction, violated his right to due process, and failed to bring him to trial within the time required by Missouri law.

**Discussion**

Petitioner seeks to challenge the same state court judgment he challenged in *Rogers I*, which was adjudicated on its merits, and his claims were brought, or could have been brought, in that case. Therefore, the instant petition is a second or successive petition. A claim presented in a "successive habeas corpus application under section 2254 that was presented in a prior application shall be dismissed." 28 U.S.C. § 2244(b)(1). Furthermore, for claims in a successive application that were not presented in a prior application, "the applicant shall move in the appropriate court of appeals for an order authorizing the district court to consider the application." 28 U.S.C. § 2244(b)(3)(A). Here, petitioner does not allege, nor does independent inquiry reveal, that he has moved in the Eighth Circuit Court of Appeals for an order authorizing this Court to consider the application.

To the extent petitioner seeks to re-litigate claims he brought in *Rogers I*, those claims must be denied pursuant to 28 U.S.C. § 2244(b)(1). To the extent petitioner seeks to bring new claims for relief, petitioner must first obtain leave from the United States Court of Appeals for

---

[1] Petitioner indicated that he signed and mailed the petition on December 5, 2019, and it was filed in this Court on December 11, 2019. Applying the prison mailbox rule, *Nichols v. Bowersox*, 172 F.3d 1068, 1077 (8th Cir. 1999), abrogated on other grounds by *Riddle v. Kemna*, 523 F.3d 850 (8th Cir. 2008), and giving petitioner the benefit of the doubt, *Beery v. Ault*, 312 F.3d 948, 950 (8th Cir. 2002), the Court determines the petition to have been filed on December 5, 2019, the date petitioner indicates he signed and mailed it.

the Eighth Circuit before bringing those claims in this Court. 28 U.S.C. § 2244(b)(3)(A). As petitioner has not been granted such leave, the instant petition must be dismissed as successive. Finally, the Court finds that petitioner has not made a substantial showing that he was denied a constitutional right, and will therefore not issue a certificate of appealability.

Accordingly, for all of the foregoing reasons,

**IT IS HEREBY ORDERED** that petitioner's petition for writ of habeas corpus is **DENIED AND DISMISSED AS SUCCESSIVE**. A separate Order of Dismissal shall accompany this Memorandum and Order.

**IT IS FURTHER ORDERED** that the Court will not issue a certificate of appealability.

Dated this _17th_ day of December, 2019.

STEPHEN N. LIMBAUGH, JR.
UNITED STATES DISTRICT JUDGE