# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF MISSOURI
# SOUTHEASTERN DIVISION

| | |
|---|---|
| DARRELL ROGERS, ) | |
| ) | |
| Petitioner, ) | |
| ) | |
| v. ) | No. 1:19-cv-227-ACL |
| ) | |
| JASON LEWIS, ) | |
| ) | |
| Respondent. ) | |

## MEMORANDUM AND ORDER

This closed civil matter is before the Court upon review of petitioner Darrell Rogers's "Motion to Reopen and Grant COA." (ECF No. 7). Petitioner avers he brings the motion pursuant to Rules 60(b)(6) and 15(c) of the Federal Rules of Civil Procedure. However, the motion amounts to an unauthorized successive habeas application, and will be denied and dismissed for lack of jurisdiction.

### Background

On February 23, 2007, a jury in the Circuit Court for the City of St. Louis found petitioner guilty of forcible rape, armed criminal action, forcible sodomy, first-degree burglary, first-degree robbery, and three counts of armed criminal action. *State v. Darrell Rogers*, No. 22041-03160B (22nd Jud. Cir. 2007). On April 13, 2007, the Court sentenced petitioner to serve a total of 30 years in prison. The Missouri Court of Appeals affirmed the trial court judgment, and subsequently affirmed the denial of petitioner's post-conviction motion.

On or about September 30, 2011, petitioner filed a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254 in this Court, seeking to challenge his 2007 convictions and

sentences. *Rogers v. Wallace,* No. 4:11-cv-1718-TIA (E.D. Mo. 2011) (hereafter "*Rogers I*"). On May 31, 2013, the Court dismissed the petition on its merits. Petitioner did not appeal.

On December 5, 2019, petitioner initiated this civil action by filing a Petition Under 28 U.S.C. § 2254 for Writ of Habeas Corpus, seeking to challenge the same state court judgment he challenged in *Rogers I.* For his grounds for relief, he claimed he was "unquestionably innocent" of the crimes of which he was convicted, and that the trial court lacked jurisdiction, violated his right to due process, and failed to bring him to trial within the time required by Missouri law. On December 17, 2019, the Court denied and dismissed the petition as an unauthorized successive petition. On May 18, 2020, the United States Court of Appeals for the Eighth Circuit denied petitioner's petition for authorization to file a successive habeas application in this Court and issued its mandate. *Rogers v. Lewis,* No. 19-3788 (8th Cir. 2019).

In the motion now before this Court, petitioner avers he "is entitled to have the judgment against him reopen[ed] under Rule 60(b)(6)" because he is innocent of the crimes of which he was convicted. He asserts he is entitled to federal relief from his 2007 state court judgment and points to defects in his state court criminal proceedings, including an impermissible and prejudicial in-court identification of him; ineffective assistance of trial, appellate and post-conviction counsel; and prosecutorial misconduct. He also claims there were changes in the law in 2012 and 2013 relating to raising a claim of ineffective assistance of counsel in state court.

## Standard of Review

Rule 60(b) allows a party to seek relief from a final judgment under a limited set of circumstances, including fraud, mistake, and newly discovered evidence. Fed. R. Civ. P. 60(b). Rule 60(b)(6), the particular provision under which petitioner can be understood to bring this

motion, permits relief when the movant shows "any ... reason that justifies relief" other than the more specific circumstances set out in Rules 60(b)(1)-(5). Fed. R. Civ. P. 60(b)(6).

Rule 60(b) applies to habeas proceedings to the extent it is not inconsistent with the Antiterrorism and Effective Death Penalty Act of 1996 (AEDPA). Fed. R. Civ. P. 81(a)(4), *Ward v. Norris*, 577 F.3d 925, 932 (8th Cir. 2009). However, if a Rule 60(b) motion amounts to an attack on the prisoner's state court judgment, whether through advancing new arguments/claims or seeking to re-cast prior arguments/claims, it "is in substance a successive habeas petition" and "should be treated accordingly." *Gonzalez v. Crosby*, 545 U.S. 524, 530-31 (2005). If a Rule 60(b) motion contains a "claim," which is defined as, *inter alia*, an "asserted federal basis for relief from a state court's judgment of conviction," it must be treated as a second or successive habeas petition under the AEDPA. *Ward*, 577 F.3d at 933 (citing *Gonzalez*, 545 U.S. at 530).

When a petitioner files a Rule 60(b) motion in a closed habeas proceeding, the district court should file it and conduct a brief initial inquiry to determine whether the allegations therein amount to a second or successive collateral attack under 28 U.S.C. § 2254. *Boyd v. United States*, 304 F.3d 813, 814 (8th Cir. 2002). "If the district court determines the Rule 60(b) motion is actually a second or successive habeas petition, the district court should dismiss it for failure to obtain authorization from the Court of Appeals or, in its discretion, may transfer the purported Rule 60(b) motion to the Court of Appeals." *Boyd*, 304 F.3d at 814. It is well established that prisoners may not bypass the pre-authorization requirement by purporting to invoke some other procedure. *U.S. v. Lambros*, 404 F.3d 1034, 1036 (8th Cir. 2005).

## Discussion

In the instant motion, petitioner alleges no defect in the integrity of his federal habeas proceedings. Instead, he asserts he is entitled to federal habeas relief from his 2007 state court judgment, either by advancing new arguments and claims or seeking to re-cast prior arguments and claims. Thus, the Court concludes the instant motion asserts "claims" as defined in *Ward*, and is actually a successive habeas application. As this Court previously advised petitioner, before this Court can consider a successive petition, petitioner must obtain permission from the Eighth Circuit Court of Appeals. 28 U.S.C. 2244(b)(3)(A). Petitioner has not done so; in fact, on May 18, 2020 the Court of Appeals declined to grant petitioner such permission. Petitioner may not bypass the pre-authorization requirement by purporting to invoke Rule 60(b). *See Lambros*, 404 F.3d at 1036. Inasmuch as the Court of Appeals denied petitioner's request for authorization to file a successive habeas application on May 18, 2020, the Court finds it would not be in the interest of justice to transfer the motion to the Court of Appeals. Accordingly, the Court will deny and dismiss it as an unauthorized successive habeas petition.

Even if petitioner's motion could not be construed as a successive petition, it would fail. Relief under the subsection of Rule 60(b) cited by petitioner is available only in "extraordinary circumstances" that will "rarely occur in the habeas context." *Gonzalez*, 545 U.S. at 535. Here, neither the factual nor legal predicates of the instant motion present exceptional circumstances. Petitioner asserts that changes in the law in 2012 and 2013 entitle him to relief under Rule 60(b). However, the general proposition is that a change in the law "is not by itself an extraordinary circumstance" in the Rule 60(b) context, and petitioner offers nothing warranting departure from that general rule. *Kansas Pub. Emps. Ret. Sys. v. Reimer & Koger Assocs., Inc.*, 194 F.3d 922, 925 (8th Cir. 1999). Furthermore, it could not be said that petitioner filed the motion within a

reasonable time, as required. *See* Fed. R. Civ. P. 60(c)(1). As a result, petitioner would not be entitled to relief under Rule 60(b). Petitioner also cites Rule 15(c) of the Federal Rules of Civil Procedure as a basis for the motion. However, Rule 15(c) is inapplicable here and provides no basis for relief.

Accordingly,

**IT IS HEREBY ORDERED** that petitioner's "Motion to Reopen and Grant COA" (ECF No. 7) is **DENIED and DISMISSED for lack of jurisdiction as an unauthorized successive habeas application.**

Dated this _15th_ day of March, 2021.

_____
STEPHEN N. LIMBAUGH, JR.
UNITED STATES DISTRICT JUDGE